**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

MATT RHOADES, TRUSTEE AND INDIANA
STATE COUNCIL OF PLASTERERS AND
CEMENT MASONS HEALTH AND WELFARE
AND PENSION FUNDS,                                      )
                                                       )
                  *Plaintiffs,*                        )        Case No. 1:26-cv-790
                                                       )
         v.                                            )
                                                       )
CHUCK'S EXCAVATING & LANDSCAPING,                      )
INC.                                                   )
                                                       )
                  *Defendant.*                         )

## DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

NOW COMES Defendant, CHUCK'S EXCAVATING & LANDSCAPING, by and through its undersigned Counsel, Allocco, Miller & Cahill, P.C., and for its Answer to the Complaint of Plaintiffs states as follows:

1.       (a)     Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1132 ("ERISA") and 29 U.S.C. 1145 as amended.

**ANSWER**: Defendant admits allegations in paragraph 1(a).

(b)     Venue is founded pursuant to 29 U.S.C. Section 1132(e) (2) in this district, where the Funds as described in Paragraph 2, are administered and 29 U.S.C. 185(c).

**ANSWER:** Defendant admits allegations in paragraph 1(b).

## PARTIES

2.       (a)     The Plaintiffs in this count are MATT RHOADES, TRUSTEE AND INDIANA STATE COUNCIL OF PLASTERERS AND CEMENT MASONS HEALTH AND WELFARE AND PENSION FUNDS, ("the Funds"), and have standing to sue

pursuant to 29 U.S.C. Section 1132(d)(1).

**ANSWER:** Defendant admits allegations in paragraph 2(a).

(b)    The Funds have been established pursuant to collective bargaining agreements previously entered into between Cement Masons Local 692 and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

**ANSWER:** Defendant admits allegations in paragraph 2(b).

(c)    The Funds are maintained and administered in accordance with and pursuant to the provision of the National Labor Relations Act, as amended, and other applicable state and federal laws and pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Fund.

**ANSWER:** Defendant admits allegations in paragraph 2(c).

3.    (a)    CHUCK'S EXCAVATING & LANDSCAPING an Illinois foreign for-profit corporation (hereafter "CHUCK'S"), employs employees represented by Cement Mason's Local 143 and is bound to make contributions for hours worked by employees.

**ANSWER:** Defendant admits it is an Illinois for-profit corporation and denies the remaining allegations in paragraph 3(a).

(b)    CHUCK'S has its principal place of business in Salem, Illinois.

**ANSWER:** Defendant admits allegations in paragraph 3(b).

(c)    CHUCK'S is an employer engaged in an industry affecting commerce.

**ANSWER:** Defendant admits allegations in paragraph 3(c).

4.    Since April 16, 2021, CHUCK'S has entered into successive collective bargaining agreements with Cement Masons Local 143 pursuant to which it is required to pay

specified wages and to make periodic contributions to the Funds on behalf of certain employees. (Exhibit A)

**ANSWER:** Defendant admits allegations in paragraph 4.

5.      By virtue of certain provisions contained in the collective bargaining agreements, CHUCK'S is bound by the Trust Agreements establishing the Fund.

**ANSWER:** Defendant admits allegations in paragraph 5.

6.      Under the terms of the Collective Bargaining Agreements and Trust Agreements to which it is bound, CHUCK'S is required to make contributions to the Fund on behalf of its employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiff's accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

**ANSWER:** Defendant admits allegations in paragraph 6.

7.      Plaintiffs are advised and believe that from April 1, 2025 through present, CHUCK'S has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the Trust Agreements by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes.

**ANSWER:** Defendant denies allegations in paragraph 7.

8.      To determine the extent of Defendant's liability, Plaintiffs require a fringe benefit contribution audit of Defendant's books and records for the period of April 1, 2025 to the present.

**ANSWER:** Defendant denies allegations in paragraph 8.

3

Dated: May 29, 2026

Respectfully submitted,

CHUCK'S EXCAVATING & LANDSCAPING, INC.

By:  /s/ Todd A. Miller
Attorney for Defendant

Todd A. Miller (ARDC #6216561)
Kathleen M. Cahill (ARDC #6269486)
**Allocco, Miller, & Cahill P.C.**
*Attorney for Defendant*
20 North Wacker Drive, Suite 3517
Chicago, IL 60606
Telephone: (312) 675-4325
Fax: (312) 675-4326
tam@alloccomiller.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on today's date, **May 29, 2026**, he electronically filed a copy of **Defendant's Answer to Plaintiffs' Complaint** via CM/ECF to the Plaintiff's counsel at the email/address below:

Donald D. Schwartz
Arnold & Kadjan, LLP
35 E. Wacker Drive, Suite 605
Chicago, IL 60601
dds@aandklaw.com

/s/ Todd A. Miller
Attorney for Defendant
**Allocco, Miller, & Cahill P.C.**
 20 North Wacker Drive, Suite 3517
Chicago, IL 60606
Telephone: (312) 675-4325
 Fax: (312) 675-4326
tam@alloccomiller.com

5