**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| MATT RHOADES, TRUSTEE AND INDIANA STATE COUNCIL OF PLASTERERS AND CEMENT MASONS HEALTH AND WELFARE AND PENSION FUNDS, | ) ) ) ) ) |
| Plaintiffs, | ) Case No. 1:26-cv-790-JMS-MG |
| v. | ) ) ) |
| CHUCK'S EXCAVATING & LANDSCAPING INC, an Illinois corporation, | ) ) ) ) ) |

**CASE MANAGEMENT PLAN**

### I.    Parties and Representatives

A.    Plaintiffs:              Matt Rhoades, et. al.

     Plaintiffs' Counsel:      Donald D. Schwartz
Arnold and Kadjan, LLP
35 East Wacker Drive, Suite 600
Chicago, IL 60601
Telephone:   (312) 236-0415
Facsimile:   (312) 341-0438
Email:        dds@aandklaw.com

B.    Defendant:             CHUCK'S EXCAVATING & LANDSCAPING INC

     Defendant's Counsel:     Todd Miller
Allocco, Miller, & Cahill, P.C.
20 N. Wacker Drive Suite 3517
Chicago, IL 60606
312-675-4325
tam@alloccomiller.com

Counsel shall promptly file a notice with Clerk if there are any changes in this formation.

### II.    Jurisdiction and Statement of Claims

A.    This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331.

1

B.     Plaintiffs claim that the Defendant CHUCK'S EXCAVATING & LANDSCAPING INC, is bound to a Collective Bargaining Agreement ("CBA") which binds Defendant to make fringe benefit contributions to Plaintiffs' Funds.  Plaintiffs seek recovery of certain amounts found to be due per fringe benefit audit.

C.     The defendant has agreed t submit to an audit and does not believe any additional contributions are owed to the Plaintiffs.

## III.   Pretrial Pleadings and Disclosures

A.   The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before August 15, 2026.

B.   Plaintiff(s) shall file preliminary witness and exhibit lists on or before October 1, 2026

C.   Defendant(s) shall file preliminary witness and exhibit lists on or before November 15,2026

D.   All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before October 15, 2026.

E.   Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before September 15, 2026. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the demand.

F. Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before November 1, 2026. Defendant(s) shalldisclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before November 30, 2026.

G.     Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline.

H.     Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than 120 days before trial. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56-1.

I.     All parties shall file and serve their final witness and exhibit lists on or before November 30 , 2026. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

2

J.      Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.      Discovery of electronically stored information ("ESI").  If either party is seeking the production of a substantial volume of ESI, then complete the ESI Supplement to the Report of the Parties' Planning Meeting (also available in MS Word on the court's website at http://www.insd.uscourts.gov/case-management-plans).

      If the parties believe that a substantial volume of ESI will not be produced in the case, the parties should include herein a brief description of the information anticipated to be sought in discovery in the case and include (1) the parties' agreement regarding the format in which ESI will be produced (including whether the production will include metadata), (2) a description of any other issues the parties believe may be relevant to discovery in the case, and (3) either the following claw back provision or the language of any alternative provision being proposed:

      In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

## IV. Discovery[1] and Dispositive Motions

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgement, whether expert witnesses is needed, and how long discovery should continue. To this end, counsel must select the track set forth below that the believe best suits this case. Ifthe parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate.  If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A.      Plaintiffs may file a motion for summary judgment by February 28, 2027. Plaintiff will likely file a motion for summary judgment based on the audit. The

parties anticipate that any Motion for Summary Judgment will concern the nature and extent of Plaintiffs' alleged damages and be based on the results of audits conducted.

B.     On or before December 31, 2026, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C.     Select the track that best suits this case:

_____

[1]The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion

Track 2: Dispositive motions are expected and shall be filed by February 28, 2027; non-expert witness discovery and discovery relating to liability issues shall be completed by January 31, 2027; expert witness discovery and discovery relating to damages shall be completed by January 31, 2027

Absent leave of court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

## V.     Pre-Trial/Settlement Conferences

This matter has been set for Initial Pretrial Conference on A July 27, 2026 at 3:30 p.m. (Eastern Time) before Magistrate Judge Mario Garcia.

At any time, any party may call the Judge's staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The parities will request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving a settlement. The parties recommend a settlement conference in December 2025.

## VI.     Trial Date

The parties request a trial date in April 2027. The trial is by court and is anticipated to take 1 - 2 days.

## VII. Referral to Magistrate Judge

**A.** **Case**. At this time, all parties <u>do not</u> consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(b) and Federal Rules of Civil Procedure 73 for all further proceedings including trial.

**B.** **Motions**. At this time, all parties <u>do not</u> consent to refer motions to the currently assigned Magistrate Judge.

## VIII. <u>Required Pre-Trial Preparation</u>

A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

   a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

   b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.     Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2.     If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3.     File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4.     Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX. **Other Matters**

None.

/s/ Donald D. Schwartz                         /s/ Todd Miller
Donald D. Schwartz                             Todd Miller
Arnold and Kadjan, LLP                         Allocco, Miller, & Cahill, P.C.
35 East Wacker Drive, Suite 600                20 N. Wacker Drive, Ste 3517
Chicago, IL 60601                              Chicago, IL 60606
*Attorneys for Plaintiff's*                    *Attorney for Defendant*

*************************************************************************

| | |
|---|---|
| | PARTIES APPEARED IN PERSON/BY COUNSEL ON    FOR A PRETRIAL/STATUS CONFERENCE. |
| X | APPROVED AS SUBMITTED. |

6

| | |
|---|---|
| | APPROVED AS AMENDED. |
| | APPROVED AS AMENDED PER SEPARATE ORDER. |
| | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY               MONTHS. |
| | APPROVED, BUT THE DEADLINES SET IN SECTION(S)               OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY               MONTHS. |
| | THIS MATTER IS SET FOR TRIAL BY        ON                          . FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR                              AT .M., ROOM       . |
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR        AT          .M. COUNSEL SHALL APPEAR:  IN PERSON IN ROOM ; OR  BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (       ) ; OR  BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (      )                        ; |
| X | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN  2/28/2027 DISCOVERY by 1/31/2027 |

7

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**Approved and So Ordered.**

Date: 8/3/2026

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

Copies to:

All Electronically Registered Counsel

8